In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2516

RONALD OLIVA,

*Plaintiff-Appellant,*

*v.*

BLATT, HASENMILLER, LEIBSKER & MOORE, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-06447 — **Elaine E. Bucklo**, *Judge.*

ARGUED NOVEMBER 12, 2015 — DECIDED JUNE 14, 2016

Before BAUER, FLAUM, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* This appeal requires us to consider whether the Fair Debt Collection Practices Act's "bona fide error" defense, 15 U.S.C. § 1692k(c), protects a debt collector from liability for engaging in conduct that was expressly permitted under the controlling law in effect at the time, but that is later prohibited after a retroactive change of law.

In 2013 Blatt, Hasenmiller, Leibsker & Moore, LLC, filed a collection lawsuit against Ronald Oliva in the first municipal district of the Circuit Court of Cook County. When Blatt filed the action, its choice of venue was expressly permitted under the FDCPA's venue provision as interpreted by *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). We subsequently over-ruled *Newsom*, with retroactive effect, in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc).

Oliva then sued Blatt for violating the FDCPA's venue pro-vision as newly interpreted by *Suesz*. The district court granted summary judgment for Blatt, finding that Blatt relied on *Newsom* in good faith and was therefore immune from lia-bility under the FDCPA's bona fide error defense. That de-fense precludes liability for unintentional violations resulting from a good-faith mistake.

On appeal, Oliva argues that the bona fide error defense does not apply because Blatt's violation resulted from its mis-taken interpretation of the law. *See Jerman v. Carlisle*, 559 U.S. 573 (2010). We disagree. In abiding by our interpretation in *Newsom*, Blatt simply followed the controlling law of this cir-cuit. Its failure to foresee the retroactive change of law her-alded by *Suesz* was not a mistaken legal interpretation, but an unintentional bona fide error that precludes liability under the Act. We therefore affirm the district court's entry of sum-mary judgment for Blatt.

## I.

In December 2013, Blatt filed a debt-collection lawsuit against Ronald Oliva on behalf of Portfolio Recovery Associ-ates, LLC. The suit was filed at the Richard J. Daley Center in

downtown Chicago, in the first municipal district of the Circuit Court of Cook County. At the time, Oliva resided in Orland Park, Illinois, which is in the fifth municipal district of the Circuit Court of Cook County.

In deciding where to file suit, Blatt relied on our then-binding precedent in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). *Newsom* held that the Circuit Court of Cook County is a single "judicial district" for purposes of the FDCPA's venue provision, which requires collection suits to be filed in the "judicial district or similar legal entity" where the contract was signed or where the debtor resides. 15 U.S.C. § 1692i(a)(2). Under *Newsom*, then, debt collectors were allowed to file suit in any of the Circuit Court of Cook County's various municipal districts so long as the debtor resided in Cook County or signed the underlying contract there. Since Oliva resided in Cook County, Blatt was allowed to file suit in Cook County's first municipal district under *Newsom*.

In July 2014, while Blatt's lawsuit was still pending, a divided en banc panel of this court overruled *Newsom* in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014). The *Suesz* court held that a "judicial district or similar legal entity" under § 1692i is "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz*, 757 F.3d at 638. Although *Suesz* dealt only with collection lawsuits filed in Marion County, Indiana, the application of its holding to suits filed in Cook County is now clear: collection lawsuits governed by § 1692i(a)(2) may no longer be filed in any of the various municipal districts of the Circuit Court of Cook County, but must instead be filed in the particular municipal district where the debtor resides or where the

underlying contract was signed. The *Suesz* court also explicitly declined to overrule *Newsom* on a prospective basis only, citing "serious constitutional concerns" about adopting a new rule while refusing to apply it to the parties before the court. *Suesz*, 757 F.3d at 649. Although *Suesz* did not specify the scope of its retroactivity, we assume without deciding that *Suesz*'s holding applies retroactively to Blatt, and that Blatt's decision to file suit in the first municipal district of the Circuit Court of Cook County was a violation of § 1692i as interpreted by *Suesz*.

About a week after *Suesz* was decided, Blatt voluntarily dismissed its action without prejudice. Oliva then brought an FDCPA claim against Blatt in federal court, alleging that Blatt was retroactively liable under *Suesz* because it filed suit in the first municipal district of the Circuit Court of Cook County, rather than the fifth municipal district, where Oliva resided when the suit commenced.[1] The parties filed cross-motions for summary judgment, and the district court denied Oliva's motion and granted summary judgment for Blatt. The court ultimately concluded that Blatt was protected from liability under the FDCPA's bona fide error defense because it relied on *Newsom* in good faith. Oliva appeals.

---

[1] There is no suggestion, however, that Oliva was in any way inconvenienced by Blatt's selection of venue. To the contrary, when asked at his deposition why it mattered to him that the collection suit was filed at the Daley Center rather than the municipal district where he resided, Oliva responded, "I would say it only matters to me because it matters to my lawyer."

## II.

We review the district court's grant of summary judgment de novo, construing all facts and reasonable inferences in the light most favorable to the nonmoving party. *Hammarquist v. United Cont'l Holdings*, 809 F.3d 946, 949 (7th Cir. 2016). Summary judgment is required if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 1692i(a)(2) of the FDCPA "requires a collector of consumer debts to file its debt-collection suit in the 'judicial district or similar legal entity' where the contract was signed or where the debtor resides." *Suesz*, 757 F.3d at 637. "A violation makes the debt collector liable to the debtor for statutory and actual damages, as well as attorney fees." *Id.* at 639. Not every violation, however, results in automatic liability for the debt collector. Under the bona fide error defense, a debt collector is shielded from liability under the Act if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

As noted above, the district court granted summary judgment to Blatt based on its finding that Blatt's alleged violation of the FDCPA's venue provision was the result of a bona fide error under § 1692k(c). The parties do not dispute that Blatt's violation was unintentional or that Blatt maintained procedures reasonably adapted to avoid the error that led to the violation. Therefore, the only issue before the court is whether the violation was the result of a bona fide error.

We have little trouble concluding that Blatt relied in good faith on our then-binding precedent in *Newsom* when deciding to file its collection lawsuit against Oliva in the first municipal district of the Circuit Court of Cook County. *Newsom* was the settled law of this circuit for nearly eighteen years at the time, and *Newsom*'s unambiguous holding expressly permitted Blatt to file suit exactly where it did. That *Suesz* later overruled *Newsom* does not change our analysis; *Suesz* may have created a retroactive cause of action for violations that preceded it, but it does not retroactively proscribe the application of the bona fide error defense. We therefore hold that Blatt's violation of § 1692i as interpreted by *Suesz* was the result of a bona fide error that precludes liability under the Act.

Oliva objects that this result cannot be reconciled with the Supreme Court's decision in *Jerman v. Carlisle*, 559 U.S. 573 (2010), which held that the bona fide error defense does not apply to "a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *Id.* at 577; *see also id.* at 604–05. *Jerman* does not apply here, however, for several reasons. First, *Jerman* applies only when the debt collector's violation results from the *debt collector's* mistaken interpretation of the law, *id.*, and here there is no indication that Blatt's violation was the result of any mistaken legal interpretation on the part of Blatt. Blatt's conduct was expressly allowed under *Newsom*, which was the controlling law of this circuit when the conduct occurred. In filing suit where it did, therefore, Blatt did not interpret the relevant venue provision of the FDCPA, mistakenly or otherwise, but simply abided by our interpretation in *Newsom*. Blatt's decision to follow *Newsom* does not amount to an independent (and entirely futile) "interpretation" of that which *Newsom* had already definitively interpreted and handed down as the

binding law of this Circuit.[2] Consequently, if Blatt's selection of venue under *Newsom* was the result of a mistaken interpretation of the FDCPA, it was the result of *our* mistaken interpretation, not Blatt's.

This is not to say that Blatt did not exercise any independent judgment in deciding where to sue in Cook County. In deciding whether to file suit at the Daley Center, Blatt had to determine both that Oliva resided in Cook County, and that in light of that fact the Daley Center was an appropriate venue under *Newsom*. Neither of Blatt's independent judgments in this regard, however, involved a legal interpretation of the FDCPA.

Moreover, even if Blatt's violation was the result of its own interpretation of the law, *Jerman* still would not apply, for Blatt's interpretation was not mistaken when it was made. That is, assuming Blatt independently interpreted the controlling law of *Newsom* before filing suit, its interpretation was undisputedly correct, since it relied on *Newsom* to file suit exactly where *Newsom* allowed. That Blatt's conduct would later be deemed a violation under *Suesz* is not the result of Blatt's

---

[2] In *Jerman*, by contrast, there was no controlling authority governing the debt collector's challenged conduct, so the debt collector had to interpret the FDCPA for itself to decide if its conduct was legal. *Jerman*, 559 U.S. at 579–80 & n.2. Similarly, the debt collector in *Suesz* had to interpret the FDCPA's venue provision in determining where it was permissible to file suit in Marion County, Indiana, since *Newsom*'s holding was limited to the Circuit Courts of Illinois, and did not extend to the filing of lawsuits in other states. *See Newsom*, 76 F.3d at 818–20 (holding only that the Circuit Courts of Illinois, including the Circuit Court of Cook County, are individual judicial districts under § 1692i).

mistaken interpretation of the FDCPA, but of a retroactive change of law that was entirely outside Blatt's control.

In sum, Blatt has shown by a preponderance that its challenged conduct was the result of an inadvertent good-faith mistake that it took every reasonable precaution to avoid. The bona fide error defense applies, and the district court properly granted summary judgment for Blatt.[3]

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] Blatt also raises several alternative arguments in support of the district court's entry of summary judgment. It contends that it was independently immune from liability under the "safe harbor" provision of § 1692k(e); that it did not violate § 1692i because it filed suit in the judicial district where the underlying contract was signed; and that *Suesz*'s retroactivity does not extend to collection suits filed in Cook County. Because we conclude that summary judgment was proper for the reasons discussed above, we do not reach these alternative arguments.